IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**AMERICAN FIDELITY**     **PLAINTIFF**
**ASSURANCE COMPANY**

**V.**     **NO. 4:22-CV-39-DMB-JMV**

**ALISA ARCHIE, et al.**     **DEFENDANTS**

### ORDER

American Fidelity Assurance Company initiated this interpleader action to determine the proper recipients of certain death benefits. It now moves for its dismissal, injunctive relief preventing further claims against it, and attorneys' fees. Because American Fidelity is a disinterested stakeholder, the fees it requests are reasonable, and its dismissal is unopposed, the motion will be granted.

### I
### Procedural History

On March 21, 2022, American Fidelity Assurance Company filed an interpleader complaint in the United States District Court for the Northern District of Mississippi for the purpose of determining whether Alisa Archie, Shalanda Archie Cook, or David L. Swims, Jr. are the proper recipients of the "life insurance, disability, and annuity benefits under policies issued by American Fidelity … on the life of Anteeatta Rachell Archie Swims." Doc. #1. According to the complaint, American Fidelity "claims no beneficial interest in the … policy benefits, but is a mere stakeholder." *Id.* at 4. After receiving an extension[1] to respond to the complaint, Alisa and Shalanda filed an answer and a crossclaim against David for the wrongful death of Anteeatta.

---

[1] Doc. #8.

Doc. #9. Though David was served with both the interpleader complaint and the crossclaim, he has failed to appear in this action. *See* Docs. #4, #24.

On June 1, 2022, on American Fidelity's motion, United States Magistrate Judge Jane M. Virden authorized American Fidelity to deposit with the Court $104,518.85, plus interest, as proceeds from the policies. Doc. #13. American Fidelity subsequently deposited $104,526.81.

American Fidelity filed a motion for its dismissal on July 1, 2022. Doc. #22. In the motion, American Fidelity requests that the Court (1) require the defendants to assert and settle among themselves their respective claims to the funds; (2) order that the deposited funds "are the extent of [its] liability" under the policies; (3) permanently enjoin the defendants from asserting any future claims against it that arise out of the policies; (4) award it $4,288 as reasonable attorneys' fees, costs, and expenses; and (5) dismiss it from this action with prejudice. *Id.* at 4. American Fidelity represents that Alisa and Shalanda "have expressed no objection to [its] dismissal … from this action" and that they "have reached an agreement that American Fidelity will request $4,288 as its reasonable attorneys' fees and costs." *Id.* at 3. The defendants did not respond to the motion.

## II
## Interpleader

> Interpleader is a device that allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits with respect to the property or fund. …
>
> An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. …
>
> If a court determines that the interpleader action has been properly brought, it may enter an order discharging a disinterested stakeholder, who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry, from

2

liability from further claims to the disputed fund and claims regarding entitlement to the disputed fund and the stakeholder's failure to resolve the dispute in the claimant's favor.

*Reese v. Sun Life Assurance Co. of Can.*, 483 F. Supp. 3d 407, 409–10 (W.D. Tex. 2020) (cleaned up) (citing various authorities).

### III
### Dismissal

American Fidelity maintains that it is entitled to dismissal because it is a "disinterested stakeholder." Doc. #22 at 3. To determine whether its dismissal is warranted, the Court must first determine whether this is a proper interpleader action and if it is, then determine whether American Fidelity is a disinterested stakeholder.

The Court concludes this is a proper interpleader action. David is a designated beneficiary under each of the subject policies issued by American Fidelity. Doc. #1-1 at PageID 26; Doc. #1-3 at PageID 90; Doc. #1-4 at PageID 117. David was indicted for Anteeatta's murder in September 2021 and is awaiting trial. Docs. #1-8, #1-9. Because Mississippi law prohibits one who "willfully causes the death of another individual" from receiving life insurance proceeds, *see Hicks v. Pub. Emps.' Ret. Sys. of Miss.*, 282 So. 3d 1204, 1208 (Miss. Ct. App. 2019) (collecting cases), David's rights to the funds are unclear. And since Alisa and Shalanda are the other possible beneficiaries of the proceeds, multiple claims may be asserted against American Fidelity. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015) ("The first stage of interpleader only is concerned with whether multiple claims have been asserted, or may be asserted, against a disinterested stakeholder, not whether those claims have merit.").

The Court further concludes that American Fidelity is a disinterested stakeholder. American Fidelity deposited the proceeds of the policies with the Court and no party has

disputed the amount of the funds or otherwise asserted claims against American Fidelity. Accordingly, American Fidelity's dismissal is warranted and the defendants will be enjoined from filing any lawsuit against American Fidelity related to the subject policies. *Reese*, 483 F. Supp. 3d at 411 ("A permanent injunction is necessary to give meaning to the plaintiff's discharge and to encourage interpleader actions.") (quoting *Auto Parts*, 782 F.3d at 192).

## IV
## Attorneys' Fees

American Fidelity seeks "$4,288 as its reasonable attorneys' fees and costs" pursuant to an agreement with Alisa and Shalanda. Doc. #22 at 3. To support its request, American Fidelity submitted the affidavit of Kelly D. Simpkins, its "lead counsel," reflecting "$5,264.50 in attorneys' fees and $799.50 in expenses associated with this interpleader action, for a total of $6,064.00." Doc. #22-1.

"A district court has the authority to award reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 641 (S.D. Tex. 2011) (quoting *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999)).

Based on Simpkins' affidavit supporting the total fees and costs American Fidelity incurred, Alisa and Shalanda's agreement to the amount requested by American Fidelity, and the fact such amount is not only less than American Fidelity's actual fees but is only approximately 4% of the proceeds deposited with the Court, an award of $4,288 to American Fidelity is reasonable and will be ordered.

# V
# Conclusion

American Fidelity's motion for dismissal [22] is **GRANTED**. Accordingly:

1. The defendants are to assert and settle among themselves their respective claims to the proceeds of the policies.

2. The $104,526.81 deposited into the Court's registry are the extent of American Fidelity's liability in this action.

3. The defendants are permanently enjoined from asserting any future claims against American Fidelity arising out of or related to the policies.

4. The Clerk of Court is **DIRECTED** to pay American Fidelity a total of $4,288.00 from the funds deposited into the Court's registry.

5. American Fidelity is **DISMISSED with prejudice**.

**SO ORDERED**, this 13th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**