**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**AMERICAN FIDELITY**                                                                **PLAINTIFF**
**ASSURANCE COMPANY**

**V.**                                                                **NO. 4:22-CV-39-DMB-JMV**

**ALISA ARCHIE, et al.**                                                                **DEFENDANTS**

## ORDER

Alisa Archie and Shalanda Archie Cook have moved for reconsideration of this Court's order denying their request for a default judgment in this interpleader case. The Estate of Anteeatta Archie Swims, through Alisa as its administratrix, subsequently moved to intervene in this case. Because the Estate has demonstrated that it should be allowed to intervene as of right, its request to intervene will be granted. And because Alisa and Shalanda's motion for reconsideration does not include the Estate as a party, reconsideration will be denied.

### I
### Procedural History

On March 21, 2022, American Fidelity Assurance Company filed an interpleader complaint in the United States District Court for the Northern District of Mississippi for the purpose of determining whether Alisa Archie, Shalanda Archie Cook, or David L. Swims, Jr., are the proper recipients of the "life insurance, disability, and annuity benefits under policies issued by American Fidelity … on the life of Anteeatta Rachell Archie Swims." Doc. #1. Alisa and Shalanda filed an answer and crossclaim against David for the wrongful death of Anteeatta. Doc. #9. Though David was served with both the interpleader complaint and the crossclaim, he has failed to appear in this action. *See* Docs. #4, #24.

On June 1, 2022, on American Fidelity's motion,[1] United States Magistrate Judge Jane M. Virden authorized American Fidelity to deposit with the Court $104,518.85, plus interest, as proceeds of the policies. Doc. #13. According to the docket, American Fidelity subsequently deposited $104,526.81 on June 14, 2022. It then obtained its dismissal as a disinterested stakeholder and was awarded $4,288.00 for fees and costs (to be paid out of the money deposited with the Court) based on an agreement between it, Alisa, and Shalanda. Doc. #31.

At Alisa and Shalanda's request,[2] the Clerk of Court entered default against David on July 28, 2022, with respect to their wrongful death crossclaim against him. Doc. #27. Approximately seven weeks later, on September 14, 2022, Alisa and Shalanda filed a "Motion to Disburse Interplead Funds." Doc. #29. But because the motion "essentially request[ed] a default judgment against [David] without mention of the relevant rule, the procedural requirements to obtain a default judgment, or the factors to be considered in determining whether default is warranted," the Court denied the motion without prejudice on December 6, 2022. Doc. #32.

On December 12, 2022, Alisa and Shalanda moved for an entry of default against David based on his "failure to plead or otherwise defend against American Fidelity['s] Complaint." Doc. #33. Two days later, the Clerk entered default against David. Doc. #34. Over two months later, on February 21, 2023, Alisa and Shalanda filed a motion "for the entry of a Default Judgment against … David … in the amount of $100,298.81 in liquidated damages" and requested "a hearing on the matter for a determination of unliquidated damages."[3] Doc. #35 at 4. The Court denied that motion because, although default was procedurally warranted, Alisa and Shalanda had not

---

[1] Doc. #12.

[2] Doc. #26.

[3] As this Court remarked in its order denying default, "the motion seem[ed] to seek a default judgment against David as to any claims to the interpleaded funds as well as a default judgment on the crossclaim." *See* Doc. #37 at 2 n.4.

cited any authority or provided any argument why they were entitled to relief against Swims. Doc. #37 at 6–7.

On May 2, 2023, Alisa and Shalanda moved for reconsideration of the April 4 order denying a default judgment against David. Doc. #39. No response was filed.

On July 6, 2023, the Estate of Anteeatta Archie Swims, through Alisa as its administratrix,[4] moved to intervene in this case. Doc. #51. No response was filed.

## II
## <u>Discussion</u>

The Estate of Anteeatta Archie Swims moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).[5] Doc. #51.

To intervene of right under Rule 24(a)(2), the party seeking intervention must show:

> (1) the application was timely; (2) that it has an interest relating to the property or transaction which is the subject of the action; (3) that it is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and, finally, (4) that its interest is inadequately represented by the existing parties to the suit.

*Field v. Anadarko Petro. Corp.*, 35 F.4th 1013, 1017 (5th Cir. 2022) (cleaned up). "In the absence of any of these elements, intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 Fed. App'x 507, 511 (5th Cir. 2005). Courts should construe Rule 24 liberally and resolve all doubts in favor of the proposed intervenor. *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009) (citations omitted).

---

[4] To show Alisa is the Estate's administratrix, attached to the motion is an "Order Opening Estate" issued by the Chancery Court of Lafayette County which orders "that ALISA ARCHIE be appointed Administrator of ANTEEATA ARCHIE SWIMS's Estate and that Letters of Administration be issued to her upon taking the Administrator's Oath as required by law …." Doc. #51-1 at PageID 288. No administrator's oath by Alisa nor letters of administration issued to Alisa have been made part of this Court's record.

[5] While the motion mentions both Rule 24(a) regarding intervention of right and Rule 24(b) regarding permissive intervention, the Estate's memorandum brief discusses only Rule 24(a)(2). *See* Doc. #51 at PageID 284–85; Doc. #52 at 2–5.

3

The Estate contends its request for intervention is timely because (1) "it became apparent to [its] counsel … and this Court that [it] had an interest at stake and was the proper destination for the insurance proceeds at issue;" (2) "the existing parties will suffer no prejudice if [it] is added to this lawsuit whereas [it] will suffer prejudice if it is not allowed to obtain the insurance proceeds at issue, notify creditors, and determine the appropriate heirs for distribution;" and (3) "this case involves insurance proceeds which have yet to be disbursed as it had been unclear as to whom these proceeds actually belonged." Doc. #52 at 3–4. Because the Court agrees with the Estate's reasons why the motion is timely—particularly since the insurance funds have not yet been distributed—and because there is nothing suggesting the contrary, the Court concludes the motion to intervene is timely. *See St. Benard Par. v. Lafarge N. Am., Inc.* 914 F.3d 969, 973 (5th Cir. 2019) ("[T]he timeliness of an intervention motion is reviewed for abuse of discretion, so long as the district court gave reasons for its determination.").

Regarding the second element, the Estate submits it has an interest relating to the property made the subject of this litigation because (1) "it [is] unclear … who should receive the insurance proceeds on deposit with the Court;" (2) "before these proceeds can be distributed to an individual, heirs must be determine[d] and creditors must be notified;" and (3) it "is the proper party and vehicle through which this determination can be made." *Id.* at 4. Because the Court also agrees that the Estate is the proper party to distribute the insurance proceeds for the reasons the Estate articulates, the Court also concludes that the Estate has an interest in this litigation. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) ("The precise definition of an 'interest' has been hard to pin down, but we have interpreted Rule 24(a)(2) to require a 'direct, substantial, legally protectable interest in the proceedings.') (citations omitted); *see also Rivera v. City of San Antonio*, No. SA-06-CA-235, 2006 WL 3691015, at *13 (W.D. Tex. Dec. 12, 2006)

(permitting intervention where the intervenor sought "to vindicate the legal interests of the decedent's estate, which was not currently represented by Plaintiffs").

As to the third element, the Estate argues that (1) distributing the funds without it "would prevent [it] from notifying creditors about the existence of these funds and … from determining the proper heirs for disbursement purposes;" and (2) it "is best suited to resolve the issue revolving around the subject insurance proceeds." Doc. #52 at 4. The Court concludes that these are valid concerns which, if the Estate is not allowed to intervene, may disadvantage its ability and obligation to protect its assets. *See Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2015) ("The applicant has the burden of demonstrating inadequate representation, but this burden is minimal.") (citation and quotation marks omitted).

Finally, the Estate submits that its interests in this lawsuit are not adequately represented because (1) the existing parties "are not in a position suitable to do all that must be done to determine who should receive the funds within the registry of this Court;" and (2) it "is the only party who can effectively determine the heirs for disbursement of the insurance proceeds and who can notify creditors about the existence of said proceeds." Doc. #52 at 5. Again, the Court concurs. Though Alisa and Shalanda without question have vehemently advocated for their own individual interests in the insurance proceeds, the Estate's interest is different with respect to determining proper heirs, notifying creditors, and protecting and distributing its assets, among other obligations.

Since the Estate has demonstrated all requirements for intervention under Rule 24(a)(2), it will be allowed to intervene in this litigation. *See Field*, 35 F.4th at 1017. And since Alisa and Shalanda's motion for reconsideration does not reference or include the Estate, it will be denied for the same reasons the Court denied their default judgment request.

### III
### Conclusion

The Estate's motion to intervene [51] is **GRANTED**.[6]  Alisa and Shalanda's motion for

reconsideration [39] is **DENIED**.

**SO ORDERED**, this 7th day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] The Estate's motion states "[t]hat the insurance proceeds at issue should be deposited into the registry of the Chancery Court of Lafayette County, Mississippi in advance of disbursement to individual parties so that the Estate can provide notice to creditors and determine the proper heirs for disbursement."  Doc. #51 at PageID 285.  The details of how the funds will be released will be later addressed.